# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK R. FIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>M. STURKEY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01430-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations Following Screening**

**I.    Background**

Plaintiff Broderick R. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 26, 2016. (ECF No. 1.)

On June 7, 2017, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendant Ruiz for violation of the Due Process Clause of the Fourteenth Amendment, but failed to state a cognizable claim against any other defendants. The Court provided Plaintiff with an opportunity to file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. (ECF No. 11.)

On June 21, 2017, Plaintiff notified the Court of his willingness to proceed only on his cognizable claims. (ECF No. 12.) Accordingly, the Court issues the following Findings and

1

Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Lancaster. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names the following defendants: (1) Correctional Officer M. Sturkey; (2) Correctional Sergeant E. Garcia; (3) Correctional Lieutenant R. Ruiz; (4) Correctional Officer D. Risehoover; (5) Correctional Officer J. Abraham; and (6) Warden S. Frauenheim.

Plaintiff alleges: On February 24, 2013, Plaintiff was incarcerated at PVSP and was involved in a physical altercation (fist fight) with Inmate Green in the dayroom. Defendant

2

Sturkey reported that Plaintiff was advancing toward Inmate Green with a swinging, stabbing type motion. Defendant Sturkey also reported that he ordered the dayroom down, and that Plaintiff ran to his cell and got into the prone position in the cell doorway. Plaintiff contends that Defendant Sturkey never observed Plaintiff with a weapon or found a weapon, but charged Plaintiff with "Battery on an Inmate with a Weapon."

Plaintiff also alleges that Defendant Abraham conducted a search of the area from where the fight had occurred to Plaintiff's cell, where Plaintiff was placed in handcuffs, but no weapons were found. However, after Defendant Abraham searched the cell, Defendant Risenhoover also searched the cell at Defendant Garcia's instruction. Defendant Risenhoover asserted that he found a stabbing type weapon approximately 4 inches long, stainless steel, sharpened to a point at one end in the cell toilet. Plaintiff contends that this assertion conflicted with Defendant Abraham's report that no weapon was found. Plaintiff further alleges that Defendant Garcia falsely asserted in his report that Plaintiff spontaneously stated that he threw the weapon in the toilet. Plaintiff contends that this is not true and was fabricated by Defendant Garcia.

Plaintiff also alleges that it was documented that Defendant Risenhoover collected overview photographs of the weapon in the toilet and took sole possession of the weapon, but did not test it for blood or fingerprints. Plaintiff suggests that such testing would have determined that neither his nor Inmate Green's DNA or prints were on the weapon, or that the weapon belonged to one of the 85 other inmates who were in the dayroom and threw the weapon into the toilet of the open cell after Defendant Abraham's search.

Plaintiff asserts that it was also documented that Defendant Risenhoover noted several puncture wounds consistent with the weapon recovered from the cell. Plaintiff contends that this is not consistent with medical and scientific evidence because the medical reports do not describe or document any stabbing or puncture wound consistent with a stabbing victim. Plaintiff alleges that the records show that Inmate Green was not stabbed, and only had superficial cuts/scratches that did not require stitches or bandages. Plaintiff also alleges that Inmate Green was evaluated and cleared to be housed in Ad-Seg and required no treatment.

///

On June 13, 2013, a disciplinary hearing was conducted by Defendant Ruiz, who falsely alleged that Plaintiff refused to attend the hearing. Defendant Ruiz held the hearing in Plaintiff's absence, finding him guilty. Plaintiff contends that the finding was based on misleading, unreliable reports. Plaintiff further contends that his efforts to appeal the guilty finding were impeded or obstructed by prison officials. Plaintiff alleges that Defendant Frauenheim refused to correct the violations of Plaintiff's rights, which were brought to his attention in the 602 appeal.

Plaintiff forwards claims for violation of his Due Process and Equal Protection rights, along with a violation of his rights to petition the government and access the courts. Plaintiff seeks declaratory and injunctive relief, along with monetary damages.

### III. Discussion

#### A. Supervisory Liability

Plaintiff asserts a claim against the Warden based on alleged notice of purported constitutional violations through the grievance process. Plaintiff attempts to bring suit against the Warden in his role as supervisor, which he may not do.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that the Warden was personally involved in any constitutional violation or that the Warden instituted a policy that was the moving force of any constitutional violation.

### B. False Evidence

Plaintiff alleges that various defendants wrote false reports. The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Instead, "Plaintiff's protection from the arbitrary action of prison officials lies in the procedural due process requirements as set forth in Wolff v. McDonnell." E.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). These requirements are discussed further below.

### C. Procedural Due Process

Plaintiff alleges a violation of his procedural due process rights related to the disciplinary hearing. Prisoners may claim the protections of the Due Process Clause of the Fourteenth Amendment, and they may not be deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Before a prisoner is placed in disciplinary segregation, due process requires that a prisoner is entitled to: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. Id. at 563–70.

Although exhibits attached to the complaint indicate that Plaintiff refused to attend the hearing and refused to sign a written notice regarding waiver of his right to attend the hearing, (ECF No. 1 at 30, 31, 34), Plaintiff's allegations suggest that he did not refuse to attend the hearing and that it was held in his absence. Plaintiff's inability to attend the hearing would preclude any opportunity to present documentary evidence or call witnesses. At the pleading stage, Plaintiff has stated a cognizable Due Process claim under the Fourteenth Amendment related to his disciplinary proceedings against Defendant Ruiz.

### D. Equal Protection

Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiff provides no facts to support his claim that he was discriminated against on the basis of his membership in a protected class or that similarly situated individuals were treated differently.

### E. Inmate Appeals

Plaintiff appears to bring suit against various defendants based on the handling and denial of his grievances. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

///

To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance or appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### F. Access to Courts

Plaintiff alleges a violation of his First Amendment right to access the courts. Although inmates have a fundamental constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009), to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice with respect to contemplated or existing litigation," Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 566 U.S. 911 (2012); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Plaintiff has not alleged any injury or actual prejudice with respect to any litigation. Therefore, Plaintiff has failed to state a cognizable claim for denial of access to the courts.

### IV. Conclusion and Recommendation

Plaintiff has stated a cognizable claim against Defendant Ruiz for violation of the Due Process Clause of the Fourteenth Amendment, but fails to state a cognizable claim against any other defendant. The Court therefore recommends that Plaintiff's remaining claims and Defendants Sturkey, Garcia, Risehoover, Abraham, and Frauenheim be dismissed from this action. Plaintiff was provided with an opportunity to file a first amended complaint, but opted to proceed on the cognizable claims. As such, the Court does not recommend granting further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's complaint, filed on September 26, 2016, against Defendant Ruiz for violation of the Due Process Clause of the Fourteenth Amendment;
2. Plaintiff's remaining claims be dismissed from this action; and

///

3. Defendants Sturkey, Garcia, Risehoover, Abraham, and Frauenheim be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE